UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILLIP  TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00397-WTL-WGH |
| | ) | |
| PUTNAMVILLE CORRECTIONAL | ) | |
| FACILITY, MEDICAL STAFF operated by | ) | |
| Corizon Health Care, BYER Mrs., | ) | |
| CHRIS  WILLIAMS, STANLEY  KNIGHT, | ) | |
| PHEGLEY Mr., CONNIE  ALLEN, | ) | |
| STACY Nurse, sick call RN, | ) | |
| RAJOLI  NAVEEN, ROSE  VAISVILAS, | ) | |
| M.  NATALIE Mr., CORIZON HEALTH | ) | |
| CARE, JOSEPH Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt. 2] is **denied.** The motion does not provide sufficient information to support the relief sought. The plaintiff shall have **through December 11, 2013,** in which to either pay the $350.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on November 12, 2013.

## II.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (§ 1915A(b) directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .").

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). ÅA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.@ *Id.* (citing *Twombly,* 550 U.S. at 556).

Applying this standard to the complaint, **the complaint must be dismissed for failure to state a claim upon which relief may be granted.** The plaintiff alleges that while incarcerated at Putnamville Correctional Facility twelve defendants violated his federally secured rights. The allegations, however, are devoid of the facts necessary to provide the defendants and the court with "fair notice" of the claims and their basis. As to each defendant the plaintiff merely alleges that he or she was neglectful and that his injury was not treated or reported "properly." He seeks

money damages "for going through what I did." Dkt. 1 at p. 5. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 557).

### III.

The dismissal of the complaint will not, in this case, lead to dismissal of the action at this time. Instead, the plaintiff shall have **through December 11, 2013,** in which to file an **amended complaint.**

The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed in this Entry, the court will determine its legal sufficiency and enter whatever order which is warranted. If no amended complaint is filed as directed in this Entry, the action will be dismissed pursuant to the dismissal of the complaint ordered in Part II of this Entry.

**IV.**

The plaintiff is now incarcerated at the Wabash Valley Correctional Facility. The **clerk is directed** to update the docket consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: _11/20/2013_

Distribution:

PHILLIP TERRY
DOC # 875963
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle , IN 47838

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana